UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BENJAMIN HERMAN BRUCE**                              **CIVIL ACTION**

**versus**                                             **NO. 15-1008**

**KEITH DEVILLE**                                      **SECTION: "F" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Benjamin Herman Bruce, is a state prisoner incarcerated at the Madison Correctional Center in Tallulah, Louisiana. On March 23, 2011, he was convicted of aggravated arson under Louisiana law.[1] On June 2, 2011, he was found to be a fourth offender and was sentenced as such to a term of life imprisonment.[2] On October 30, 2012, the Louisiana Fifth Circuit

---

[1] State Rec., Vol. V of VII, transcript of March 23, 2013, p. 194; State Rec., Vol. I of VII, minute entry dated March 23, 2011; State Rec., Vol. I of VII, jury verdict form.

[2] State Rec., Vol. VI of VII, transcript of June 2, 2011; State Rec., Vol. I of VII, minute entry dated June 2, 2011.

Court of Appeal affirmed his conviction but vacated his sentence as excessive,[3] and the Louisiana Supreme Court then denied his related writ application on April 26, 2013.[4] In the interim, the state district court resentenced him to a term of twenty-five years imprisonment on January 17, 2013.[5]

On or about August 16, 2013, petitioner filed an application for post-conviction relief with the state district court.[6] That application was denied on December 18, 2013.[7] His related writ applications were thereafter likewise denied by the Louisiana Fifth Circuit Court of Appeal on April 2, 2014,[8] and by the Louisiana Supreme Court on March 6, 2015.[9]

While the foregoing proceedings were still ongoing, petitioner filed a supplemental post-conviction application with the state district court on or about November 18, 2013.[10] That application was denied on May 23, 2014.[11]

---

[3] State v. Bruce, 102 So.3d 1029 (La. App. 5th Cir. 2012); State Rec., Vol. I of VII.

[4] State v. Bruce, 112 So.3d 839 (La. 2013); State Rec., Vol. VII of VII.

[5] State Rec., Vol. II of VII, minute entry dated January 17, 2013.

[6] State Rec., Vol. II of VII.

[7] State Rec., Vol. II of VII, Order dated December 18, 2013.

[8] Bruce v. Cain, No. 14-KH-72 (La. App. 5th Cir. Apr. 2, 2014); State Rec., Vol. II of VII.

[9] State ex rel. Bruce v. State, 161 So.3d 7 (La. 2015); State Rec., Vol. VII of VII.

[10] State Rec., Vol. II of VII.

[11] State Rec., Vol. II of VII, Order dated May 23, 2014.

On or about October 20, 2014, petitioner filed yet another application for post-conviction relief with the state district court.[12] That application was denied on February 10, 2015.[13] The Louisiana Fifth Circuit Court of Appeal then denied his related writ application on May 28, 2015.[14] He thereafter filed a writ application with the Louisiana Supreme Court,[15] and that application currently remains pending.

In the meantime, petitioner filed the instant federal *habeas corpus* application,[16] as well as a motion for summary judgment.[17] The state filed an answer conceding that the application is timely but arguing that it should nevertheless be dismissed because petitioner failed to exhaust his remedies in the state courts.[18] Petitioner has filed three replies to the state's answer.[19]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

---

[12] State Rec., Vol. II of VII.

[13] State Rec., Vol. II of VII, Order dated February 10, 2015.

[14] State v. Bruce, No. 15-KH-274 (La. App. 5th Cir. May 28, 2015); State Rec., Vol. VII of VII.

[15] State Rec., Vol. VII of VII, writ application in case number 2015-KH-1131.

[16] Rec. Doc. 4.

[17] Rec. Doc. 14.

[18] Rec. Doc. 16.

[19] Rec. Docs. 18, 19, and 22.

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court *(including a state supreme court with powers of discretionary review)*." Baldwin, 541 U.S. at 29 (emphasis added). Moreover, to meet the fair presentation requirement, a petitioner must have presented the claim "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted).

Accordingly, this Court must first determine what claims petitioner is asserting in the instant proceeding. Although petitioner's federal application is rambling, he appears to be asserting the following claims:

      I.      Petitioner received ineffective assistance of counsel;[20]

      II.      There was insufficient evidence to support his conviction;[21] and

      III.      The prosecution engaged in misconduct.[22]

The Court must next determine whether petitioner has given the state's highest court, the Louisiana Supreme Court, an "opportunity to pass upon and correct" the foregoing purported violations. Therefore, a review of petitioner's Louisiana Supreme Court writ applications is required. Since petitioner's conviction, he has filed **three** writ applications with the Louisiana Supreme Court, one on direct review in case number 2012-KO-2568 and two on collateral review in case numbers 2014-KH-1003 and 2015-KH-1131.

Petitioner's most recent writ application in case number 2015-KH-1131 is clearly irrelevant to the exhaustion issue because it is still pending before the Louisiana Supreme Court. Where, as here, a state application remains pending, it generally cannot be said that the claims asserted therein are exhausted. See, e.g., Larrimore v. Montgomery, No. CV-13-8841, 2013 WL 6478599, at *1 (C.D. Cal. Dec. 9, 2013) ("[W]hen a federal habeas claim is still pending before a state court, a federal habeas petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim."); Bartley v. Beckstrom, Civil No. 7:12-cv-66, 2013 WL 149481, at *2 (E.D. Ky. Jan. 14, 2013); Cunningham v. Green, Civ.

---

[20] Rec. Doc. 4-1, pp. 19-20.

[21] Rec. Doc. 4-1, p. 23.

[22] Rec. Doc. 4-1, p. 26.

Action No. 09-cv-02942, 2010 WL 1667786, at *2 (D. Colo. Apr. 23, 2010) ("[M]erely filing an appeal does not satisfy the fair presentation requirement."); Prior v. Hofmann, No. 1:08-cv-139, 2008 WL 5412850, at *2 (D. Vt. Dec. 29, 2008) ("Because it is undisputed that Prior's ineffective assistance claim is still pending before the Vermont Supreme Court, his state court remedies on that issue have not been exhausted."). Although a federal court can excuse the exhaustion requirement "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights," Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993), that exception does not apply here because the writ application in case number 2015-KH-1131 was filed less than three months ago. Therefore, because the Louisiana Supreme Court has not yet had an opportunity to correct the alleged violations, any claims asserted in this writ application are unexhausted.

Petitioner's direct-review writ application in case number 2012-KO-2568 is likewise irrelevant. In that writ application, petitioner asserted the following claims:

> 1. "Did the Fifth Circuit Court of Appeals abuse their discretion when they ruled that the elements of the crime do not have to be charged in the indictment?"
>
> 2. "When a prosecutor elects not to use the short form bill of information, is he required by law to include all essential facts constituting the crime of aggravated arson in the information?"

>   3. "Did the appeals court use the wrong standard of review in regards to Petitioner's indictment claim?"[23]

Because petitioner has not reasserted these claims in his federal application, this Louisiana Supreme Court writ application has no bearing on the exhaustion analysis.

Therefore, the only writ application which is even arguably relevant is petitioner's first collateral-review writ application in case number 2014-KH-1003. In that writ application, petitioner asserted the following claims:

>   1. "Petitioner's trial-collateral counsel was ineffective and deficient in their performance which rendered petitioner's trial-appeal fundamentally unfair."[24]
>   2. "Prosecutor's comments on petitioner's failure to testify at trial prejudiced petitioner by denying him a fair-impartial trial / Petitioner's conviction/sentence was obtained through the use of another crime scene evidence which rendered petitioner's trial fundamentally unfair."[25]

At first blush, this writ application would appear to be relevant because, like the instant federal application, it concerns claims of ineffective assistance of counsel and prosecutorial

---

[23] State Rec., Vol. VII of VII, writ application in case number 2012-KO-2568, p. 1.

[24] State Rec., Vol. VII of VII, writ application in case number 2014-KH-1003, p. 7.

[25] State Rec., Vol. VII of VII, writ application in case number 2014-KH-1003, p. 10.

misconduct. On closer examination, however, it is evident that this writ application is likewise irrelevant for the following reasons.

Petitioner's writ application in case number 2014-KH-1003 appears to have sought review of two sets of claims, i.e. those asserted in his *first* post-conviction application filed on or about August 16, 2013, and those asserted in his *supplemental* post-conviction application filed on or about November 18, 2013. However, for the following reasons, only the claims from the first application are exhausted.

The claims in that first application, which were denied by the state district court on December 18, 2013,[26] were as follows: (1) the prosecution engaged in misconduct by making prejudicial comments at trial; (2) trial counsel was ineffective for failing to object to those comments; and (3) the prosecution engaged in misconduct by improperly introducing evidence of other crimes. Those same claims were then properly presented to both the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court. Those claims would therefore be considered exhausted **if** petitioner had included them in the instant federal application; however, it appears that he has not.[27]

---

[26] State Rec., Vol. II of VII, Order dated December 18, 2013.

[27] If the district judge were to read the instant petition to include those claims, dismissal would nevertheless still be appropriate. Even if the federal application is determined to include one or more exhausted claims, petitioner's remaining claims are clearly unexhausted for the reasons explained herein. In that scenario, petitioner's federal application would be a "mixed petition" and subject to dismissal on that basis. See, e.g., Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

Rather, the ineffective assistance and prosecutorial misconduct claims petitioner is asserting in his federal application are **different** claims. Specifically, in his federal application, he is claiming that his counsel was ineffective in the following respects: (1) trial counsel failed to object to the prosecution's proposed jury instructions; (2) trial counsel failed to move for a mistrial or a new trial; (3) trial counsel performed deficiently in connection with the motion to quash; (4) trial counsel performed deficiently in connection with the jury instructions; (5) appellate counsel failed to submit an adequate brief; and (6) appellate counsel failed to assert three "potentially critical" assignments of error.[28] Additionally, he is arguing that the prosecution engaged in misconduct by: (1) proposing invalid jury instructions; (2) waiving inclusion of opening statement, closing arguments, and jury instructions in the transcript submitted on appeal; and (3) including fraudulent statements in its brief on appeal.[29]

It is true that these claims were asserted in petitioner's *supplemental* post-conviction application filed with the state district court on or about November 18, 2013,[30] and denied by that court on May 23, 2014.[31] However, despite that fact, they are nevertheless still unexhausted because they were never presented to either the Louisiana Fifth Circuit Court of Appeal or the Louisiana Supreme Court in a procedurally proper manner for the following reasons.

---

[28] Rec. Doc. 4-1, pp. 19-20.

[29] Rec. Doc. 4-1, p. 26.

[30] State Rec., Vol. II of VII.

[31] State Rec., Vol. II of VII, Order dated May 23, 2014.

As previously noted, the federal exhaustion requirement applies to *all* levels of review in the state court system, meaning that a petitioner's federal claims must have been "fairly presented" to "*each* appropriate state court." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).  Moreover, the United States Fifth Circuit Court of Appeals has held that a petitioner has not complied with the exhaustion requirement if he presented the claims to the state courts "in a procedural context in which its merits will not be considered unless there are special and important reasons therefor," explaining that the purposes of the exhaustion requirement would be "frustrated were we to allow federal review to a prisoner who had *presented* his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) (quotation marks omitted).

In his writ application in case number 14-KH-72, which petitioner filed to seek review of the denial of his *first* post-conviction application filed on or about August 16, 2013, he asked that the Louisiana Fifth Circuit Court of Appeal also consider these claims which were included in his *supplemental* post-conviction application.  However, the Court of Appeal expressly declined to do so because they were not properly before the court, explaining:

> To the extent that relator challenges the trial court's failure to consider his supplemental application for post-conviction relief, we find this claim to be premature.  Our review of the official record shows that relator filed a supplemental application for post-conviction relief on November 18, 2013.  On January 13, 2014, relator filed a motion requesting the trial court's consideration of his November 18, 2013 supplemental application for post-conviction relief.  On January 17, 2014, the trial court ordered the State to respond to the claims asserted in relator's supplemental application for post-conviction relief within thirty days.  On that same date, the trial court denied relator's motion requesting consideration of his supplemental application.  The State filed its response on February

18, 2014. Because our review of the official record shows that the trial court has not yet ruled on relator's supplemental application for post-conviction relief, there is no ruling for this Court to review.[32]

When the district court thereafter denied relief on these claims in the supplemental application on May 23, 2014, petitioner did **not** seek review of that denial by the Court of Appeal. Rather, at best, he simply incorporated these claims from his supplemental application into his Louisiana Supreme Court writ application in case number 2014-KH-1003.

Accordingly, the ineffective assistance of counsel claims and prosecutorial misconduct claims petitioner now reasserts in his federal application are unexhausted for two reasons. First, they were never properly presented to the Louisiana Fifth Circuit Court of Appeal for review. Where, as here, a prisoner has bypassed the intermediate appellate court, his claims are unexhausted. See, e.g., Crosby v. Warden, Louisiana State Penitentiary, Civ. Action No. 10-cv-1581, 2014 WL 4810322, *6 (W.D. La. Sept. 23, 2014). Second, because the Court of Appeal had never had a fair opportunity to address the claims, the claims were likewise not properly presented to the Louisiana Supreme Court for review in case number 2014-KH-1003. See, e.g., Grace v. Warden, Louisiana State Penitentiary, Civ. Action No. 6:14-cv-0080, 2015 WL 2185207, at *6 (W.D. La. May 8, 2015) ("The Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, § 5. In this instance, however, the intermediate appellate court never had an opportunity to review petitioner's claims because they were never presented in a procedurally proper

---

[32] Bruce v. Cain, No. 14-KH-72, p. 2 (La. App. 5th Cir. Apr. 2, 2014); State Rec., Vol. II of VII.

manner.  The merits of petitioner's claims were not properly before the Louisiana Supreme Court. Petitioner's claims therefore remain unexhausted.").  Therefore, the claims are unexhausted.[33]

Based on the foregoing, it is clear that all of the claims petitioner asserts in this federal proceeding are unexhausted. His ineffective assistance of counsel claims and prosecutorial misconduct claims are unexhausted because they were not "properly" presented to the Louisiana Fifth Circuit Court of Appeal or to the Louisiana Supreme Court.  His claim challenging the sufficiency of the evidence to support his conviction is unexhausted because it was never presented, properly or otherwise, to the Louisiana Supreme Court.  Therefore, this federal application should be dismissed due to petitioner's failure to comply with the exhaustion requirement.

Lastly, out of an abundance of caution, the Court will address two additional issues raised by petitioner.

First, in his "Motion for Summary Judgment," Rec. Doc. 14, petitioner argues that he is entitled to judgment in his favor because no answer was filed on the state's behalf by the deadline set in the Court's original briefing order, Rec. Doc. 5.  As an initial matter, it should be noted that, pursuant to Rule 5(a) of the "Rules Governing Section 2254 Cases in the United States District Courts," the state is not required to file **any** response whatsoever to a federal *habeas corpus* application unless expressly ordered to do so by the Court.  Although the Court did in fact elect to

---

[33]  This result is not altered by the fact that, as discussed above, petitioner has exhausted **other** ineffective assistance and prosecutorial misconduct claims, i.e. the claims he asserted in his first post-conviction application filed on or about August 16, 2013.  Because those claims rested on a different facts and theories than the instant claims, they do not render the instant claims exhausted. See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983); Evans v. Rader, Civ. Action No. 13-0196, 2013 WL 2154124, at *2 n.13 (E.D. La. Apr. 23, 2013).

require a response and set a deadline for that response in this case, the Court twice extended that deadline on the state's motion, Rec. Docs. 9 and 15.  There was nothing improper in the Court extending a deadline it set, and the state filed its answer within the deadline as extended, Rec. Doc. 16.  Accordingly, petitioner's "Motion for Summary Judgment" should be denied.

Second, petitioner complains that the only answer filed in this proceeding was filed by the District Attorney for Jefferson Parish.  Petitioner feels aggrieved by the fact that the Attorney General for the State of Louisiana did not file the answer.  However, the state is free to choose who will respond on its behalf, and the Comments accompanying the 2004 amendments to Rule 4 of the "Rules Governing Section 2254 Cases in the United States District Courts" observed that, depending on local needs, the appropriate official to respond to a prisoner's federal *habeas corpus* petition may well be someone other than a state's Attorney General.  The routine practice in the Eastern District of Louisiana is for such responses to be filed by the District Attorney of the parish in which the prisoner was convicted.  Petitioner's complaint that this practice is somehow improper is meritless.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's "Motion for Summary Judgment," Rec. Doc. 14, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the petition for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

- 13 -

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[34]

      New Orleans, Louisiana, this  24th  day of August, 2015.

                                 **DANIEL E. KNOWLES, III**
                                 **UNITED STATES MAGISTRATE JUDGE**

---

[34] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.